■ In the Matter of the Claim of JEFF H. FEINBERG, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [621 NYS2d 951] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 7, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

The Board found that claimant left his employment to attend a training program and that claimant's temporary job had not yet ended; there was, therefore, continuing work available for claimant. Because leaving employment to attend school is considered a voluntary leaving without good cause, the Board found that claimant was disqualified from receiving unemployment insurance benefits. Under these circumstances and given the record before us, there is substantial evidence to support the Board's decision and it must, accordingly, be upheld. Claimant's remaining arguments have been examined and rejected for lack of merit.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of VICTOR A. KARL, Appellant. ASARCO, INC., Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [621 NYS2d 950] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 6, 1994, which ruled that claimant's benefit rate should be reduced to zero.

When claimant's employment ended after 18 years with his last employer, claimant became eligible for a monthly pension in the amount of $1,522.05. Claimant applied for unemployment insurance benefits but the Board ultimately reduced claimant's benefit rate from $300 to zero pursuant to Labor Law § 600 (7) because of his pension. We reject claimant's contention that this action was improper even though the employer's pension plan underwent changes in 1987 in how it was operated and the funds invested. Regardless of these changes, there is no dispute that the employer made all contributions to the pension and we find that claimant has failed to establish that the statute was improperly applied in this instance. Claimant's remaining arguments have been examined and found to be unavailing.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.